78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re MUSIC MERCHANTS, INC., Debtor,
Ronald TAXE, Appellant,
v.
James J. JOSEPH, Chapter 7 Trustee of the Richard Taxe
Bankruptcy Estate, Appellee.
 No. 95-55010.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Debtor Ronald Taxe appeals pro se the Bankruptcy Appellate Panel's ("BAP") order dismissing as interlocutory his appeal from an order of the bankruptcy court denying Taxe's motion for turnover of assets. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 Under 28 U.S.C. § 158(d) the court of appeals has jurisdiction to hear appeals from "all final decisions, judgments, orders, and decrees" entered by the district courts of the United States and the Ninth Circuit Bankruptcy Appellate Panel. Interlocutory orders of the bankruptcy court may be reviewed only at the discretion of the district court or BAP. See 28 U.S.C. § 158(a) & (b).
 
 
 4
 Here, the bankruptcy court denied Taxe's motion for turnover of assets after it had ordered, almost five months earlier, that the assets be turned over to the Trustee of the bankruptcy estate of Taxe's brother, Richard Taxe, and held pending further order of the court. Ownership of the assets are disputed by the Trustee in ongoing proceedings in Richard Taxe's bankruptcy action. Ronald Taxe does not contest that the denial of his motion for turnover of assets is an interlocutory order. Accordingly, because the BAP denied leave to appeal from an interlocutory bankruptcy court order, we lack jurisdiction over this appeal. See Allen v. Old Nat'l Bank (In re Allen), 896 F.2d 416, 418 (9th Cir.1990) (per curiam).[1]
 
 
 5
 We deny Taxe's request to construe his appeal as a petition for a writ of mandamus. Taxe has failed to demonstrate that bankruptcy court's order was clearly erroneous as a matter of law, see id. at 419, or that his case is so exceptional as to warrant the granting of a mandamus petition, see United States District Court v. Bauman, 557 F.2d 650, 654 (9th Cir.1977).
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3